UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAYLE BROWN : | |
| : | |
| Plaintiff : | No. 1:11-cv-01607-JEJ |
| : | |
| vs. : | |
| : | |
| APOTHAKER & ASSOCIATES, P.C. : | |
| : | |
| Defendant : | |
| _____: | |

## APOTHAKER & ASSOCIATES, P.C.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PRODCEDURE 12(b)(6)

**NOW COMES** the defendant, Apothaker & Associates, P.C. (A&A), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support thereof, A&A states as follows:

I. **Introduction**

Plaintiff filed this lawsuit against A&A alleging that A&A violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Specifically, plaintiff alleges that A&A did not properly verify the debt allegedly owed by Plaintiff to Advantage Assets II, Inc. as successor to Citibank (South Dakota) N.A. in response to Plaintiff's request for verification.

II. **Factual Background**

A&A was retained by Advantage Assets II, Inc. to collect a debt allegedly owed by the Plaintiff in the amount of $1,159.65. On July 8, 2010, A&A sent a demand letter to the Plaintiff

and in response, Plaintiff sent a letter dated July 27, 2010 to A&A disputing the alleged debt, demanding that A&A cease and desist collection efforts and requesting certain information "regarding 'this alleged debt'".

Pursuant to applicable law, A&A treated Plaintiff's letter as a request for validation of the debt and did cease all collection activities. By letter dated August 30, 2010 Defendant validated and verified the debt. A true and correct copy of the validation/verification letter is attached hereto as Exhibit "A".  The letter included the following information: (1) The name of the current creditor, Advantage Assets II, Inc.; (2) The full account number of the delinquent account for which payment is sought, account number ending in 9809; (3) The name of the original creditor, Citibank (South Dakota) N.A. / The Home Depot; (4) The amount of the debt, $1,159.65. The validation letter also contained the following sentence: "Per your request and pursuant to 15 U.S.C. 1692g(b), The Federal Fair Debt Collection Practices Act, be advised that $1159.65, the amount being demanded, is that amount that our client claims is due and owing on the account." This letter more than satisfied the verification requirements.

Plaintiff has made bald allegations such as "Defendant did not verify the debt as it deceptively claimed to Plaintiff it had" with no supporting information.  In ¶ 28 of her Complaint, the Plaintiff complains that A&A did not provide a computer printout, which is certainly not required by the law.  Plaintiff claims in ¶ 29 that A&A did not provide "extrinsic evidence of the alleged debt", which is also not required of A&A in the verification process.   Further, the Plaintiff makes averments based "upon information and belief" and nothing more that A&A failed to do certain things.

### III.   Standard of Review

Pursuant to FED. R. CIV. P. 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that offers "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id* quoting *Bell Atlantic Corp.*, 550 U.S. at 555. To determine the adequacy of a complaint, a Court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S. Ct. at 1950. A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1955 (2009)).

Here, even assuming that plaintiff's facts are accurately stated, the claim against NCO should be dismissed as a matter of law.

IV. **Legal Argument**

A. **15 U.S.C. § 1692g provides in part that:**

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original

creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Defendant complied with 15 U.S.C. § 1692g in all aspects. The first letter sent by Defendant to Plaintiff complied with the requirements of subsection (a). The validation/verification letter sent by Defendant on or about August 30, 2010 complied with the requirements of subsection (b).

### B. Applicable Case Law

The question here is whether Defendant properly verified the debt under applicable law. The Third Circuit Court of Appeals has addressed the issue of verification of a debt pursuant to 15 U.S.C. § 1692g in a limited number of cases. The seminal case on the issue, *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999), comes out of the Fourth Circuit, and is cited in all of the relevant decisions in Pennsylvania Federal Courts and more particularly, by the Middle District of Pennsylvania in *Sasscer v. Donnelly,* 2011 U.S. Dist. LEXIS 42686, decided by the Honorable James M. Munley on April 20, 2011.  In *Chaudhry,* which involved a dispute over a defaulted home equity loan, the Court held that "[V]erification of a debt involves nothing

**more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt."** 174 F.3rd at 406.  Emphasis added. A&A's verification (letter of August 30, 2011) is a confirmation, in writing, that the amount being demanded is what the creditor is claiming is owed.  Indeed, Defendant A&A crafted its verification letter in response to the *Chaudhry* decision.

In paragraphs 28 and 29 of her complaint, Plaintiff seems to infer that A&A was somehow obligated to provide computer printouts and other extrinsic evidence and that failure to do so is a violation of the law.  This is just not so.  This was recently and directly addressed in *Donatelli vs. James C. Warmbrodt, Esquire,* 2011 U.S. Dist. LEXIS 69207, wherein the Honorable Terrence F. McVerry of the Western District of Pennsylvania granted defendant's Motion for Summary Judgment regarding all federal claims raised under the FDCPA.  Among the claims was an allegation that defendant improperly verified a debt in response to Plaintiff's request for verification pursuant to 15 U.S.C. § 1692g. The Court applied the *Chaudry* standard set forth above, and stated "Verification is only intended to "eliminate the…problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No 95-382, at 4, reprinted in U.S.C.C.A.N. 1695, 1699. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt."

Plaintiff's allegations in Paragraphs 31 and 32 of Plaintiff's Complaint that "Defendant did not contact the creditor and verify the nature, status, and balance of the debt" and that "Defendant did not check its own records to verify the alleged debt" are bald allegations, unsupported by any fact. Moreover, defendant fails to point to any provision of the FDCPA which requires same.

In *Yentin, et al v. Michaels, Louis & Associates, Inc., et al.* 2011 U.S. Dist. LEXIS 104711, (USDC  ED of PA, decided September 14, 2011)  in determining whether the plaintiffs should be allowed to amend their complaint to include a claim alleging defendant's failure to

investigate a debt the court considered the question of "whether the FDCPA creates a cause of action when a defendant debt collector fails to conduct adequate investigation or to afford individual review." In response to this question, the court stated, "Plaintiffs have directed us to no provision of the FDCPA imposing upon a debt collector any duty to 'investigate' debts that it seeks to collect -- either before collection activities begin or after a consumer disputes a debt -- and our review of the Act has also revealed no such provision."

The Court went on to state that, "The Act does, however, require that if a 'consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed,' the debt collector must cease collection of the debt 'until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector.' 15 U.S.C. § 1692g(b). We may construe this provision to afford the right to 'an individual review to the account of Plaintiffs' alleged debt' that plaintiffs claim." In the instant matter, A&A did cease collection activities, reviewed the account and sent the verification letter.

In a footnote to the aforementioned quoted text, the court noted that, "The right of 'review' that this provision creates, however, is limited in scope. Our Court of Appeals has found sufficient a verification that informed a consumer of 'the amounts of his debts, the services provided [to produce those debts], and the dates on which the debts were incurred,' *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  Please note that the Court of Appeals in *Graziano* did not make it mandatory to inform the consumer of the services provided and the dates on which the debts were incurred.  It merely agreed that those actions were sufficient in that case. And in the oft-cited Fourth Circuit opinion, the court explained that **'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.'** *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)."  Emphasis added.

In the instant matter, Defendant properly verified the debt. Defendant confirmed that the amount demanded was, in fact, the amount the creditor claimed was owed. Defendant contacted the creditor in order to verify this. After receiving confirmation that the amount demanded was the amount the creditor claimed was owed, Defendant sent to Plaintiff the validation/verification letter at issue herein.

## V.   Conclusion

WHEREFORE, based on the foregoing, Apothaker & Associates, P.C. moves this Honorable Court to dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

/s/ Richard A. Kessler
_____
Richard A. Kessler, Esquire
1500 Market Street
West Tower – 41st Floor
Philadelphia, PA 19102
Telephone (215) 735-8000
Fax  (215) 735-3366

Attorney for Apothaker & Associates, P.C.

## CERTIFICATE OF SERVICE

I certify that on this 1st day of November, 2011, a copy of the foregoing MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PRODCEDURE 12(b)(6) was filed of record via the ECF system and a copy will be served on plaintiff's counsel through that system as described below.

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002

kimmel@creditlaw.com

/s/ Richard A. Kessler
Attorney for Apothaker & Associates, P.C.