## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAYLE BROWN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Case No.: 1:11-cv-01607-JEJ** |
| | ) |
| **APOTHAKER & ASSOCIATES, P.C.,** | ) |
| | ) |
| **Defendant** | ) |

### PLAINTIFF, GAYLE BROWN'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.C.P. 12(b)(6)

AND NOW comes Plaintiff, GAYLE BROWN (hereinafter "Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., and files the within Brief in Opposition to Defendant's Motion to Dismiss as follows:

### I.     Background

This action is brought pursuant to the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. Defendant, Apothaker & Associates (hereinafter "Defendant"), filed its Motion to Dismiss premised upon the argument that it properly verified the alleged debt pursuant to 15 U.S.C. §1692g(b); however, the information provided by Defendant in response to Plaintiff's validation request falls far

short of the requirements under the FDCPA.  Defendant's interpretation of §1692g(b), as requiring nothing more than a mere restatement of the amount due, effectively guts this entire provision of the FDCPA, and is completely contrary to the underlying purpose of the Act.

"The FDCPA is a landmark piece of consumer credit legislation designed to eliminate abusive, deceptive, and other unfair debt collection practices."  See Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 22 (1st Cir. 2002).  Congress included in the text of the FDCPA that, "There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  See 15 U.S.C. §1692(a).  "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  See 15 U.S.C. §1692(e)

Consumer protection statutes, such as the Truth in Lending Act, the Fair Credit Reporting Act, and the FDCPA, are "remedial in nature and therefore must be construed liberally in order to best serve Congress'

intent." <u>See</u> <u>Ellis v. GMAC</u>, 160 F.3d 703 (11th Cir. 1998).  Thus, given the clear Congressional intent stated above, the FDCPA has been found to be a strict liability statute.  <u>See</u> <u>Russell v. Equifax ARS</u>, 74 F.3d 30, 33 (2d Cir. 1996); <u>Reichert v. National Credit Systems, Inc.</u>, 531 F.3d 1002, 1005 (9th Cir. 2008); and <u>Bartlett v. Heibl</u>, 128 F.3d 497, 499 (7th Cir. 1997).  Only a single violation of the Act need be proven in order to impose liability.  <u>See</u> <u>Bartlett</u>, 128 F.3d at 499; <u>see also Turner v. J.V.D.B. & Assoc., Inc.</u>, 330 F.3d 991, 995 (7th Cir. 2003).  "A consumer need not show intentional conduct by a debt collector to be entitled to damages." <u>See</u> <u>Id</u>.

In addition, allegations regarding violations of the FDCPA should be examined from the perspective of the "least sophisticated consumer." <u>See</u> <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>see also</u> <u>Goswami v. American Collections Enterprise, Inc.</u>, 377 F.3d 488 (5th Cir. 2004).  "Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." <u>See</u> <u>Swanson v. Southern Or. Credit Serv.</u>, 869 F.2d 1222, 1227 (9th Cir. 1988).  As stated by the Third Circuit:

> The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor.

> This lower standard comports with a basic purpose
> of the FDCPA: as previously stated, to protect all
> consumers, the gullible as well as the shrewd, the
> trusting as well as the suspicious, from abusive
> debt collection practices.

See Brown v. Card Service, 464 F.3d 450 453-54 (3d Cir. 2006).

## II.    Statement of Facts

On or about July 8, 2010, Defendant sent correspondence to Plaintiff stating that it had been retained to collect an alleged debt in the amount of $1,159.65 on behalf of Advantage Assets II, Inc.  See Complaint at ¶ 17.  In this letter, Defendant informed Plaintiff that if, within 30 days, she notified it in writing that the debt, or any portion thereof, was disputed, Defendant would provide additional verification of the debt or a copy of a judgment against you (if a judgment has been entered).  See Id. at ¶ 18; see also Exhibit A.  Plaintiff had no recollection of owing this alleged debt, and on July 27, 2010, Plaintiff sent a certified letter to Defendant disputing the alleged debt and demanding that Defendant cease and desist any and all further communications.  See Id. at ¶ 19-21.  In addition, Plaintiff requested that Defendant send her "via US Mail any and all proof by way of information you have regarding this 'alleged debt.'  Also include any and all, signed by me, contracts, promissory notes, payment history and any other information that was forwarded to you by any other agency or business

regarding this alleged debt or my personal history." <u>See</u> <u>Id</u>. at ¶ 22; <u>see</u> <u>also</u> Exhibit B.

On or about September 7, 2010, Defendant sent Plaintiff correspondence, dated August 30, 2010, responding to her request for verification. <u>See</u> <u>Id</u>. at ¶ 25. In its letter, in a single typed sentence, Defendant stated, "Per your request and pursuant to 15 U.S.C. 1692g(b), The Federal Fair Debt Collection Practices Act, be advised that $1159.65, the amount being demanded, is that amount that our client claims is due and owing on the account." <u>See</u> Complaint at ¶ 25; <u>see</u> <u>also</u> Exhibit C. Other than this single sentence, Defendant provided Plaintiff with no other documents or evidence that would verify the nature, status, and balance of the alleged debt. <u>See</u> <u>Id.</u> at ¶¶ 28-31. In light of Defendant's August 30, 2010, letter, Plaintiff remained unsure whether Defendant was dunning the wrong person and/or collecting a debt that has already been paid. <u>See</u> <u>Id</u>. at ¶ 33.

### III.   Standard of Review

When considering a motion to dismiss under Fed. R. C. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff's case. <u>See</u> <u>Scheuer</u> <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974). Such a motion should not be granted

unless it is clear that the plaintiff can prove "no set of facts" which would entitle her to relief.  The issue is not whether the plaintiff will ultimately prevail at the end but only whether he should be entitled to offer evidence to support her claim.  See Neitzke v. Williams, 490 U.S. 319 (1989).  The First Circuit has explained the standard in these words:

> Under Rule 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 66.  "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Under this standard, "a court confronted with a Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

See Cepero-Rivera v. Faqundo, 414 F.3d 124, 129 (1st Cir. 2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), wherein the Supreme Court reemphasized the extremely liberal pleading standard of the Federal Rules of Civil Procedure.  Any ambiguities must be resolved in favor of the pleading.  See Walling v. Beverly Enterprises, 476 F.2d 393 (9th Cir. 1973).  Even if the face of the pleadings suggests that the chance of recovery is remote, the court must allow the plaintiff to develop the case at this stage of

the proceedings.  See United States v. Redwood, 640 F.2d 963, 966 (9th Cir. 1981).

Finally, exhibits attached to the complaint, such as here, are part thereof for all purposes, Fed.R.C.P. 10(c).  Therefore, when considering a motion to dismiss, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto."  See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation marks omitted).

## IV.   Legal Argument

Defendant's August 30, 2011, letter improperly verified Plaintiff's alleged debt as it merely included a sentence which stated the amount its client *claims* is due and owing, and fails to provide Plaintiff any other information to allow her to determine whether the alleged debt is in fact a valid debt and whether the debt belongs to her.  In its Motion to Dismiss, Defendant argues that its August 30, 2010, letter serves as proper verification of Plaintiff's alleged debt because it set out in writing "that the amount being demanded is what the creditor is claiming is owed" in compliance with the Fourth Circuit Court of Appeal's holding in Chaudhry v. Gallerizzo.  See Defendant's Motion to Dismiss (Dkt. 8) at 4; see also Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1991).  However,

Defendant's argument is flawed because the information it provided was inadequate even in light of the <u>Chaudry</u> decision, and especially in light of the Third Circuit's holding in <u>Graziano v. Harrison</u>.   <u>See</u> <u>Graziano v. Harrison</u>, 950 F.2d 107, 113.  Defendant has been unable to point to a single case were any court has held that a mere restatement of the amount allegedly owed is adequate verification under the FDCPA.   In fact, in every case Defendant cites where a court found the debt collector's verification to be adequate, the debt collector provided much more information than what Defendant provided in the instant matter.

### a. Defendant's August 30, 2010, Letter Is Not Proper Verification of Plaintiff's Alleged Debt and Violates §1692g(b)

Section 1692g(b) provides that if a consumer notifies a debt collector within thirty (30) days that it is disputing the debt, or if the consumer requests the name and address of the original creditor, "the debt collector shall cease collection of the debt…until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."   <u>See</u> 15 U.S.C. §1692g(b).   The statute does not directly define what proper verification of a disputed debt is.  While courts have addressed

this issue, and have come to different conclusions, Plaintiff's counsel has been unable to find any case where a court has held that the mere restatement of the amount due, as Defendant provided to Plaintiff in this case, is sufficient to meet the requirements of §1692(b).

The Third Circuit, as Defendant correctly notes, has only addressed this issue in a limited number of cases.  The most direct examination of this issue by the Third Circuit was in <u>Graziano</u>.  In <u>Graziano</u>, the plaintiff and his attorney requested verification of the alleged debt, and the defendant provided verification that included a bill and a computer printout.  <u>See</u> Graziano, 950 F.2d at 109.  The plaintiff then filed a complaint against the defendant, alleging, amongst other violations, that the materials the defendant sent to him were not adequate to verify the debt under §1692g(b). <u>See</u> <u>Id</u>. at 110.  The court looked to this claim and held that the "computer printouts provided to [plaintiff] were sufficient to inform him of the amounts of his debts, the services provided, and the dates on which the debts were incurred."  <u>See</u> <u>Graziano</u>, 950 F.2d at 113.  The Third Circuit, through its analysis, articulated the minimum information that needs to be provided by the debt collector for the verification to be sufficient, specifically: (1) the amount of the debt; (2) the services provided on the debt; and (3) the dates on which the debts were incurred.  <u>See</u> <u>Id</u>. at 113.

Here, Defendant's August 30, 2010, letter merely stated to Plaintiff that, "Per your request and pursuant to 15 U.S.C. 1692g(b), The Federal Fair Debt Collection Practices Act, be advised that $1159.65, the amount being demanded, is that amount that our client claims is due and owing on the account." <u>See</u> Complaint at ¶ 25; <u>see</u> <u>also</u> Exhibit C.   Applying the framework established by the Third Circuit, it is clear that while Defendant has provided (1) the amount of the alleged debt, it has *failed to provide* (2) the services provided on the debt, and (3) the dates on which the debt was incurred.   Therefore, based on the language of the Third Circuit's holding in <u>Graziano</u>, Defendant's August 30, 2010, letter did not properly validate the alleged debt.

In addition, Defendant references the Fourth Circuit Court of Appeals' decision in <u>Chaudhry</u>, repeatedly emphasizing and broadly applying its holding that verification involves "nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." <u>See</u> <u>Chaudhry</u>, 174 F.3d at 406.   However, upon closer examination of the facts and holding in <u>Chaudhry</u>, it is explicitly clear that Defendant's August 30, 2010, letter is improper verification under this holding.

In <u>Chaudhry</u>, the defendant verified the underlying debt to the plaintiff by forwarding with a letter to plaintiff's counsel, "a copy of the bank's computerized summary of the Chaudhrys' loan transactions." <u>See</u> <u>Chaudhry</u>, 174 F.3d at 406. The Fourth Circuit used these facts when it held that all verification of a debt requires is the debt collector "confirming in writing" that the amount being demanded is exactly what the creditor claims is owed. <u>See</u> <u>Id</u>. The court requires that this information be conveyed "*in writing*," yet the writings that the court is referring to here are the letter and the computerized summary of the loan transactions. In addition, the court cites Graziano and its framework in determining that the summary was proper verification, noting that it "included a running account of the debt amount, a description of every transaction, and the date on which the transaction occurred." <u>See</u> <u>Id</u>. (<u>citing</u> <u>Graziano</u>, 950 F.2d at 113).

It is clear from the rationale and language employed by the Fourth Circuit that, while they considered verification to be nothing more than confirmation in writing "that the amount being demanded is what the creditor is claiming is owed," the writing needed to confirm the debt must contain more than a bare, single sentence assertion like that made in Defendant's August 30, 2010, letter. While this sentence does state that the amount being demanded is what the creditor claims is being owed, it by no

means *confirms* that this statement is true, as the computerized summary did

in <u>Chaudhry</u>.   Instead, the single sentence in Defendant's letter serves as

nothing more than a blanket assertion that is not properly asserted or

substantiated by additional facts or information.   Therefore, the Fourth

Circuit's holding does not cover the August 30, 2010, letter to Plaintiff, as

Defendant alleges, because the letter by itself without any addition

information did not properly *confirm* that the amount being demanded is in

fact what the creditor claimed is being owed.

Furthermore, this Honorable Court recently highlighted this

distinction in <u>Sasscer v. Donnelly</u>.   <u>See</u> <u>Sasscer v. Donnelly</u>, 2011 U.S. Dist.

LEXIS 42686 (M.D.Pa. April 20, 2011).   In <u>Sasscer</u>, the plaintiff disputed

the debt, and "defendant responded by mailing plaintiff a copy of the

promissory note from which the debt arose.  The note disclosed the $20,000

that was financed on the note, the annual percentage rate on the loan, and the

amount and number of payments on the loan."  <u>See</u> <u>Id</u>. at *13.  The plaintiff

responded by informing the defendant that she had not received sufficient

information, and in return the defendant sent plaintiff a letter containing

additional documents designed to meet plaintiff's demand for verification.

<u>See</u> <u>Id.</u> at *13-14.  The plaintiff proceeded to file a complaint, which alleged,

amongst other violations, that defendant improperly verified the debt.  <u>See</u> <u>Id</u>. at *4-5.

This Court, in an opinion written by the Honorable James M. Munley, evaluated the plaintiff's claims that defendant improperly verified the debt. Judge Munley first notes that the only reported Third Circuit opinion addressing the sufficiency of verification is <u>Graziano</u>, and that the Third Circuit "has found sufficient a verification that informs the debtor of 'the amounts of his debts, the services provided to produce those debts, and the dates on which the debts were incurred."  <u>See</u> <u>Id</u>. at 10 (<u>citing</u> <u>Graziano</u>, 950 F.2d at 113).  Judge Munley then notes that other circuits "have imposed similar standards," and then proceeds to evaluate the Fourth Circuit's holding in <u>Chaudhry</u>.  He notes that the Fourth Circuit "found it sufficient for verification that defendant 'forwarded a copy of the bank's computerized summary of [plaintiffs'] loan transactions' that 'included a running account of the debt amount, a description of every transaction, and the date on which the transaction occurred.'"  <u>See</u> <u>Sasscer</u>, at *10-11 (<u>citing</u> <u>Chaudhry</u>, 174 F.3d at 406).  He added that the defendant later confirmed the correctness of other added fees in a letter, and that the court concluded, "nothing more is required."  <u>See</u> <u>Id</u>. at *11 (<u>citing</u> <u>Chaudhry</u>, 174 F.3d at 406).  Judge Munley

held that this would be the standard that this Court would apply to the Plaintiff's motion for summary judgment.  See Id.

Judge Munley applied this standard to the facts at issue, and held that "there is a disputed question of fact as to the adequacy of this verification," as the information provided by the defendant "may have well been sufficient to verify the debt" but there is a factual dispute concerning whether plaintiff received all the information sent by defendant.  See Id. at *16.

The crucial part of this analysis for the current case at hand is Judge Munley's assertion that the information provided by the defendant was likely sufficient to verify the debt, in light of the Graziano and Chaudhry holdings that were adopted by this Court.  As noted above, the information that the defendant provided the plaintiff in this case included the promissory note that contained amount and number of payments on the loan.  This information provided to this plaintiff contained far more information than Defendant's letter to Plaintiff.  Even in his discussion of Graziano and Chaudhry, Judge Munley never stated that a letter which merely contains a blanket assertion "that the amount being demanded is what the creditor is claiming is owed," is acceptable verification.  Instead, he focused on the computer printouts in both cases and the application of the Third Circuit's three-part framework to each piece of evidence.  It is evident from this case

that this Honorable Court read both <u>Graziano</u> and <u>Chaudhry</u> together, and that proper verification must contain enough information to satisfy both.[1]

Finally, the only court to have addressed the issue of whether or not the mere restatement of the amount due is sufficient verification is the District Court for the Western District of Washington.  <u>See</u> <u>Semper v. JBC Legal Group</u>, 2005 WL 2172377 (W.D. Wa. Sept. 6, 2005).  In <u>Semper</u>, the court specifically held that simply repeating the information contained in the debt collector's file is insufficient under the FDCPA.

Based on the arguments above, it is clear that Defendant's August 30, 2010, letter did not serve as proper verification of the debt as it did not *confirm* in writing that "that the amount being demanded is what the creditor is claiming is owed," and the letter did not disclose: (1) the services provided on the debt, and (2) the dates on which the debt was incurred. Therefore, this Honorable Court should deny Defendant's Motion to Dismiss.

---

[1]      Defendant also relies on <u>Donatelli v. Warmbrodt</u>, 2011 WL 2580442 (W.D. Pa. June 28, 2011), and <u>Yentin v. Michaels, Louis & Assoc.</u>, 2011 WL 4104675 (E.D. Pa. Sept. 15, 2011); however, just like its selective editing in <u>Chaudrhy</u>, Defendant has failed to mention that the courts in <u>Donatelli</u> and <u>Yentin</u> did not in any way hold that a mere restatement of the amount due is adequate validation.  In <u>Donatelli</u>, the debt collector provided a "copy of a statement," and in <u>Yentin</u>, the court held that a debt collector must meet the "amount, services provided, and dates" standard outlined in <u>Graziano</u>.

**b. Defendant's Interpretation of §1692g(b) Is Untenable Because It Would Require That Which Is Already Required Under §1692(a)**

It is a basic tenet of statutory construction that statutes should not be interpreted in a way that makes any part of it redundant. <u>National Ass'n of Home Builders v. Defenders of Wildlife</u>, 551 U.S. 644, 669 (2007). Each part of a statute is to have it own meaning, and no part should be considered mere surplusage. <u>Id</u>. Section 1692(a) requires a debt collector, with out being prompted by the debtor, to disclose the "amount of the debt" and the "name of the creditor to whom the debt is owed." After being prompted by the debtor, under §1692(b), the debt collector must provide the debtor with verification of the debt. In order for §1692(b) to be more than just a redundancy of §1692(a), the requirements of §1692(b) must be more than just a mere restatement of the amount due.

In the instant case, Defendant is arguing that it fulfilled its obligations under §1692(b) by simply restating the amount due and to whom the debt is owed. This information is the same exact information that Defendant is already required to provide under the clear language of §1692(a). Defendant's argument would have the affect of setting the requirements under §1692(b) identical to those required under §1692(a), and would render §1692(b) completely redundant. As this cannot be the case, Defendant's

mere restatement of the amount due, clearly fails to meet the requirements of §1692(b).  Therefore, Defendant's Motion to Dismiss should be denied.

## V.      Conclusion

Based on the foregoing, Plaintiff requests that this Honorable Court deny Defendant's Motion to Dismiss, as Defendant's August 30, 2010, letter improperly verified Plaintiff's alleged debt in violation of § 1692g(b).


                                          Respectfully submitted,

Dated: November 14, 2011          */s/ Tara L. Patterson*_____
                                          Tara L. Patterson
                                          Attorney for Plaintiff
                                          Attorney ID No. 88343
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone No.: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email: tpatterson@creditlaw.com