UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAYLE BROWN,                          :    **CASE NO. 1:11-CV-1607**
                                      :
              Plaintiff               :    (Magistrate Judge Smyser)
                                      :
       v.                             :
                                      :
                                      :
APOTHAKER & ASSOCIATES, P.C.,         :
                                      :
              Defendant               :

## MEMORANDUM OPINION

The complaint in this case states a claim by plaintiff Gayle Brown (Brown) against defendant Apothaker & Associates, P.C., (Apothaker) under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Brown is a resident of Camp Hill, Pennsylvania. Apothaker is a New Jersey based national debt collection company. The court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

The complaint alleges that Apothaker attempted to collect a debt from Brown, a debt of $1,159.65 allegedly owed to Citibank (South Dakota) N.A./The Home Depot, which debt had

allegedly subsequently been assigned to Advantage Assets II,
Inc.  It is alleged that the "alleged debt at issue arose out
of transactions, which were primarily for personal, family, or
household purposes."

The complaint alleges that Apothaker sent a letter
informing Brown that it was attempting to collect a debt and
advising Brown that if the debt were disputed it would send her
additional verification of the debt.  Brown sent a letter to
Apothaker disputing that she owes the debt.  She demanded that
Apothaker cease collection efforts.  She also requested that
Apothaker provide proof of the alleged debt in the form of
copies of any contracts, promissary notes, payment history and
any other information provided to it by any other agency or
business.

Apothaker responded: "Per your request . . . be advised
that $1159.65, the amount being demanded, is the amount that
our client claims is due and owing on the account."  Apothaker
provided no other documentation or explanation to Brown.  Brown
alleges that Apothaker did not contact the creditor and verify

2

the nature, status and balance of the debt.  She also alleges
that Apothaker did not check its own records to verify the
alleged debt and that it did not advise her that its client had
verified the balance to be true, correct and still owing.

Brown asserts that the letter did not comply with 15
U.S.C. § 1692g(b) and that Apothaker's debt collection efforts
were harassing and deceptive because Apothaker's response fails
to provide confidence to Brown that Apothaker is not dunning
the wrong person or collecting a debt that already had been
paid.

The FDCPA provides in part that a debt collector shall
not "engage in any conduct the natural consequence of which is
to harass, oppress, or abuse any person in connection with the
collection of a debt", 15 U.S.C. § 1692d, "use any false,
deceptive, or misleading representation or means in connection
with the collection of any debt", 15 U.S.C. § 1692e, or "use
unfair or unconscionable means to collect or attempt to collect
any debt."  15 U.S.C. § 1692f.  It provides that:

> If the consumer notifies the debt collector in
> writing within the thirty-day period described
> in subsection (a) of this section that the
> debt, or any portion thereof, is disputed, or
> that the consumer requests the name and address
> of the original creditor, the debt collector
> shall cease collection of the debt, or any
> disputed portion thereof, until the debt
> collector obtains verification of the debt or a
> copy of a judgment, or the name and address of
> the original creditor, and a copy of such
> verification or judgment, or name and address
> of the original creditor, is mailed to the
> consumer by the debt collector. Collection
> activities and communications that do not
> otherwise violate this subchapter may continue
> during the 30-day period referred to in
> subsection (a) unless the consumer has notified
> the debt collector in writing that the debt, or
> any portion of the debt, is disputed or that
> the consumer requests the name and address of
> the original creditor. Any collection
> activities and communication during the 30-day
> period may not overshadow or be inconsistent
> with the disclosure of the consumer's right to
> dispute the debt or request the name and
> address of the original creditor.

15 U.S.C. §1692g(b).

The complaint claims that the defendant has violated
the FDCPA, in particular Sections 1692e, 1692f and 1692g(b).
The complaint demands compensatory damages, statutory ($1,000)
damages and attorney fees and costs.

4

Apothaker filed a motion to dismiss the complaint. Apothaker's motion argues that the communication from Apothaker to Brown did contain validation and verification of the debt, and that Apothaker did cease collection activity pending verification.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by

Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at

6

570).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." *Id.*  "The plausibility standard is not
akin to a 'probability requirement,' but it asks for more than
a sheer possibility that a defendant has acted unlawfully." *Id.*
 But "a complaint need not pin plaintiff's claim for relief to
a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289,
1296 (2011).  Rule 8(a)(2) "requires only a plausible 'short
and plain' statement of the plaintiff's claim, not an
exposition of his legal argument." *Id.*  The factual detail
necessary to satisfy the standard will vary depending on the
case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d
300, 320 n.18 (3d Cir. 2010).


     Brown asserts that Apothaker did not adequately verify
the debt after she requested verification.  Brown, who
allegedly does not remember or understand the basis for such a
debt, also asserts that she is being deceived or stands to be
deceived by Apothaker if she is forced in to payment without
adequate verification.  She contends that Apothaker's assertion

that it had verified the debt was deceptive.  The deception,
according to Brown, was Apothaker's statement that it had
verified the debt.  According to Brown, it does not constitute
a verification to merely relate that the client had said that
this amount was owed by Brown to the client.

The parties do not argue the deception issue in this
motion, but argue the issue whether Apothaker adequately
verified the debt.  Apothaker quotes from *Chaudhry v.
Gallerizzo,* 174 F.3d 394, 406 (4th Cir. 1999): "[V]erification
of a debt involves nothing more than the debt collector
confirming in writing that the amount being demanded is what
the creditor is claiming is owed; the debt collector is not
required to keep detailed files of the alleged debt."

Brown, on the other hand, argues that Apothaker's
answer stating only that the debt collector is demanding what
the creditor is claiming is not enough.

Brown observes that in *Chaudhry, supra,* the debt
collector had provided to the putative debtor a copy of the

8

bank's computerized summary of the Chaudhrys' loan transactions.  Whether a statement by the debt collector to a person asserted to owe a debt such as Apothaker provided here is adequate verification depends upon the nature of the transaction or transactions giving rise to the alleged debt. It is likely that in most instances more could be obtained from the creditor and communicated to the debtor than was obtained and communicated here from Apothaker to Brown.

The adequacy of a debt collector's verification to a debtor is a factual issue as to which there appears to us to be a genuine dispute in this case.  Construing the factual averments of the complaint in the light most favorable to the plaintiff for the purpose of considering a Rule 12(b)(6) motion and assuming for the sake of the motion that Brown does not have a recollection of a debt or a basis in what Apothaker provides to check out the validity of the claimed debt, Brown plainly was not helped by Apothaker's August 30, 2010 letter stating only what the creditor had claimed to be due and owing.

To verify is not merely to state the creditor identity and the amount owed.  To verify is to show the creditor's grounds for the claim, to support the claim with an explanation for the assertion of the existence of the debt.  It does not accomplish an affirmation of the truth of the debt to say that the creditor says that its claim is a true claim.  Rather, the truth of the claim is verified by making an adequate showing of the factual basis for the claim.

Apothaker asserts that the debtor is not entitled to have an explanation for the asserted debt until after the debt collector initiates a lawsuit.  We do not agree.  The Act does not support this position.

In *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991), the Court's determination that the verification of a debt by a creditor was adequate under Section 1692g(b) was based upon "computer printouts provided to [the debtor that] were sufficient to inform him of the amounts of his debts, the services provided, and the dates on which the debts were incurred".  *Id.* at 113.  In *Sasscer v. Donnelly*, Civil No. 10-

10

00464, 2011 U.S. Dist. LEXIS 42686 (M.D. Pa. Apr. 20, 2011),
this court used the Third Circuit's reference to amount,
services provided and date of services provided as a standard
or measure of the adequacy of verification.  The response of
Apothaker does not provide these minimal items of information.

In its brief, Apothaker quotes Senate Report language.
The Senate Report language[1] quoted by Apothaker in support of
its argument is, however, consistent with a requirement of more
specificity than just creditor identity and amount of debt.
Verification does not require the production of evidence, but
it must at least be a statement of information showing the
grounds for the debt.

Apothaker asserts that the debt here is based upon a
credit card account and that "[t]he balance due and owing on a
credit card account can potentially include hundreds of
thousands of transactions over a span of years, if not

1.  Verification is intended only to "eliminate the . . . problem
of debt collectors dunning the wrong person or attempting to
collect debts which the consumer has already paid."  *See* Doc. 13,
page 3.

11

decades."  (Doc. 13, page 5).  If in this case we were

attempting to evaluate the adequacy of a less-than-fully-

specific verification provided in such a factual context as

Apothaker hypothesizes, we might find such a less-than-fully-

specific verification to be adequate.  In *Graziano, supra,* the

Court of Appeals agreed with the district court that based upon

the particular facts of that case that "[t]he computer

printouts provided to Graziano were sufficient to inform him of

the amount of his debts, the services provided, and the dates

on which the debts were incurred."  **No information** was provided

to Brown here other than a confirmation that Apothaker, a debt

collector which had already told Brown that it had been hired

to collect a $1159.65 debt from Brown had indeed been asked to

collect a $1159.65 debt from Brown.


     The Apothaker reply brief asserts that it should not be

required to provide original documentation and that it should

not be required to show how the outstanding balance due was

calculated in the case of an extensive credit card history with

no obvious correlation between the balance owed and particular

purchases and fees and finance charges.  But neither of these

contentions addresses the immediate issue at hand.  Apothaker
also sees incongruity in a requirement that it must verify a
debt upon the debtor's demand but may, in the absence of a
debtor's demand, file a lawsuit without such detailed
documentation in hand.  We do not see incongruity.  The party
filing a lawsuit knows that it will need to have the proof to
prevail if the case goes to final adjudication.  A demand from
a debt collector has the potential to harass, abuse or oppress
the person contacted, and it is an objective of the
verification process to permit both the person and the debt
collector to determine that there is or is not a just debt.

The defendant's motion will be denied.  An Order will
issue.

_**/s/ J. Andrew Smyser**_
J. Andrew Smyser
Magistrate Judge

Dated:  December 8, 2011.